IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GAIL JONES and NATHAN JONES,  05-CV-539-BR

    Plaintiffs,

                                       OPINION AND ORDER

v.

JEFFREY BUTTS and KIMBERLY
BUTTS,

    Defendants.

**GARY G. LINKOUS**
P.O. Box 636
Welches, OR 97067
(503) 622-6498

    Attorney for Plaintiffs

**MICHAEL D. KENNEDY**
Kennedy Bowles, P.C.
111 S.W. Fifth Avenue
Portland, OR 97204
(503) 228-2373

    Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#13). For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DISMISSES** this matter.

## BACKGROUND

The following facts are undisputed:

Defendants Jeffrey Butts and Kimberly Butts were shareholders and officers of Emerald Pacific Homes, Inc., an Oregon corporation in the business of constructing homes in Oregon. On August 7, 1996, Plaintiffs entered into a contract with Emerald to construct a home for Plaintiffs. On January 7, 1998, Plaintiffs terminated the contract.

Later in 1998, Plaintiffs filed an action against Emerald and the Buttses in Clackamas County Circuit Court in which Plaintiffs asserted negligence and breach-of-contract claims against Emerald, breach-of-contract claims against Jeffrey Butts related to the contract between Emerald and Plaintiffs, and a claim against the Buttses directly and individually for damages under the theory that their undercapitalization of Emerald warranted piercing the corporate veil. On April 26, 1998, Emerald's license with the Oregon Construction Contractors Board (CCB) expired, and Emerald went out of business.

After a jury trial on the merits in the Clackamas County

Circuit Court, the jury found in favor of Plaintiffs against Emerald, but specifically found the Buttses' alleged misconduct did not cause Emerald's failure to fulfill its obligations. On June 1, 2000, the court entered a final judgment in Plaintiffs' favor against Emerald for $85,000 in monetary damages, $1,652 in costs, and $5,000 in enhanced prevailing-party fees. The court dismissed with prejudice Plaintiffs' claim in which Plaintiffs alleged the Buttses' undercapitalization of Emerald warranted piercing the corporate veil and awarded $665 in costs to the Buttses.

After the circuit court entered judgment, Plaintiffs unsuccessfully attempted to obtain payment from Emerald's insurance carrier. Although Emerald purchased insurance before it entered into the contract with Plaintiffs, the insurance excluded coverage for work performed pursuant to a contract. Emerald's carrier, therefore, refused to pay the judgment.

On April 15, 2005, Plaintiffs filed this action against the Buttses personally in which Plaintiffs allege the Buttses violated Or. Rev. Stat. § 701.105 by failing to obtain and to maintain sufficient insurance for Emerald as required by Chapter 701 of the Oregon Revised Statutes, which governs construction contracts and contractors.

On October 26, 2005, the Buttses filed a Motion for Summary Judgment in which they allege: (1) Or. Rev. Stat. § 701.067 does

3 - OPINION AND ORDER

not provide a private right of action for violations of Or. Rev. Stat. § 701.105, (2) Plaintiffs' claims are barred by claim preclusion, and (3) Plaintiffs' claims are barred by the statute of limitations. On February 21, 2006, the Court heard argument on the Motion.

## STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

## DISCUSSION

Plaintiffs allege the Buttses failed to obtain and to maintain proper insurance for Emerald in violation of Or. Rev. Stat. § 701.105, which at the time of the contract between Plaintiffs and Emerald provided in pertinent part:

> Throughout the period of registration, the residential-only and the limited contractor shall have in effect public liability, personal injury and property damage insurance covering the work of that contractor which is subject to this chapter for an amount not less than $100,000.
>
> * * *
>
> (3) The contractor shall provide satisfactory evidence to the board at the time of registration and renewal that the insurance required by

>     subsections (1) and (2) of this section has been
>     procured and is in effect.

Plaintiffs seek recovery under Or. Rev. Stat. § 701.067 (1996), which contains the only private right of action provision in Chapter 701 and which, at the time Plaintiffs and Emerald entered into the construction contract, provided:

> If any person suffered costs or damages as a
> result of an individual providing a false or
> invalid Construction Contractors Board number or
> otherwise misleading a person with respect to
> registration with the board, that person may bring
> suit in a court of competent jurisdiction to
> recover damages.  The court may award reasonable
> attorney fees to the prevailing party in an action
> under this section.

As noted, however, Defendants seek summary judgment on the ground that § 701.067 does not provide a private right of action for violations of § 701.105.

According to Plaintiffs, they may bring a claim under Or. Rev. Stat. § 701.067 because the phrase "misleading a person with respect to registration with the board" includes misleading the CCB in the registration process by failing to have statutorily required insurance in effect.  Defendants, however, contend the phrase "misleading a person with respect to registration with the board" pertains only to misrepresentations about the fact of being registered with the CCB, and, therefore, § 701.067 does not provide a private right of action for the kind of misrepresentations the Plaintiffs allege here.

It does not appear that any Oregon appellate court has

interpreted Or. Rev. Stat. § 701.067. Indeed, it seems the only reported cases pertaining to Or. Rev. Stat. § 701.105 involve the CCB's enforcement of § 701.105 provisions. Accordingly, the Court must look to principles of statutory construction to interpret § 701.067.

When interpreting a statute under Oregon law, the court's task is to discern the intent of the legislature. *Portland Gen. Elec. Co. v. Bureau of Labor and Indus.*, 317 Or. 606, 610-11 (1993). The best evidence of the legislature's intent is the text of the statute. *Id*. The court also must consider the context of the statutory provision at issue, including other provisions of the same statute and other statutes relating to the same subject. *Id.* (citation omitted).

The statutory language at issue - "misleading a person with respect to registration with the board" - requires the Court to interpret the meaning of "registration." Registration is defined as "the act of registering [or] an entry in a register." *Merriam-Webster's Dictionary* 985 (10th ed. 1998). Thus, the plain language of § 701.067 refers to misleading another with respect to the fact that a contractor is registered with the CCB. The actual text of the statute does not refer, as Plaintiffs argue, to misrepresentations about various prerequisites that a contractor must satisfy before the CCB will allow the contractor to register.

6 - OPINION AND ORDER

In addition, other sections of Chapter 701 and the Administrative Rules relating to Chapter 701 do not suggest the Oregon Legislature intended to provide a private right of action for misrepresentations other than those involving the fact of "registration."  The Oregon Legislature clearly expressed its intent that the CCB enforce the registration requirements.  For example, Or. Rev. Stat. § 701.135 provided

> The Construction Contractors Board may revoke, suspend or refuse to issue or reissue a certificate of registration and the board may assess a civil penalty as provided in ORS 701.992 if it determines after notice and opportunity for hearing:
>
> * * *
>
> (f) That the registrant has *knowingly provided false information to the board*.
>
> [or] may suspend or refuse to renew a registration without hearing in any case where the administrator finds a serious danger to the public welfare, including but not limited to:
>
> * * *
>
> (B) *Lack of liability insurance required by ORS 701.105;*

(Emphasis added.)

OAR 812-003-0200 also provides in pertinent part:

> If the licensee, in performance of work subject to ORS chapter 701, through failure to comply with this rule [requiring insurance], causes damage to another entity or to the property of another person for which that entity could have been compensated by an insurer had the required insurance been in effect, *the agency may assess a civil penalty* against the licensee in an amount up

7 - OPINION AND ORDER

to $1,000 in addition to such other action as may
              be taken under ORS 701.135.

(Emphasis added.)

Nonetheless, Plaintiffs, pointing to the language of § 701.067, argue the Oregon Legislature must have intended for the statute to allow a private right of action for misrepresentations to the CCB about the qualifications of a contractor seeking to be registered because individuals could not otherwise "suffer damages" as the statute contemplates. As noted during oral argument, however, it is possible, in fact, for an individual to suffer injury or damages if a contractor misrepresented the fact of registration with the CCB.

Plaintiffs also argue the general remedial purpose of Chapter 701 suggests the Oregon Legislature intended to provide a private right of action in circumstances such as here. To adopt that argument, however, the Court would be required to read language into the statute that the Legislature did not use, and, of course, the Court does not have the authority to do so. *See* Or. Rev. Stat. § 174.010.

In light of the plain language of Or. Rev. Stat. § 701.067, the entirety of Chapter 701, and the Administrative Rules relating to § 701.067, the Court concludes the form of Or. Rev. Stat. § 701.067 in effect at the relevant time did not provide a private right of action for the kind of misrepresentation alleged by Plaintiffs.

8 - OPINION AND ORDER

Accordingly, the Court grants Defendants' Motion for Summary Judgment on this basis, and, therefore, finds it unnecessary to address Defendants' other contentions.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment (#13) and **DISMISSES** this action.

IT IS SO ORDERED.

DATED this 23rd day of February, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge